**HUNT BUILDING COMPANY, LTD., Plaintiff,**

v.

**The UNITED STATES, Defendant,**

and

**Actus Lend Lease, LLC., Intervenor.**

No. 04–505C.

United States Court of Federal Claims.

Nov. 24, 2004.

James J. McCullough, Fried, Frank, et al., Washington, DC, for Plaintiff.

Carolyn J. Craig, U.S. Department of Justice, Washington, DC, for Defendant.

Jerry Michael Littlejohn, Wickwire Gavin, P.C., Vienna, VA, for Intervenor Defendant.

## ORDER

WILLIAMS, Judge.

Hunt Building Company, Ltd. (Hunt) filed a pre-award bid protest challenging the Air Force's selection of Actus Lend Lease, LLC (Actus) as the successful offeror (SO) proposed for an award of a military housing privatization project at Hickam Air Force Base, Hawaii. On July 8, 2004, the Court set aside the selection of the SO and permanently enjoined the Air Force from proceeding to close the transaction or perform the resultant contract. The Court issued the July 8, 2004 Opinion and Order Under Seal, and on July 9, 2004 issued a public version of the Order setting forth the relief so that the Clerk could enter judgment and the parties could be notified of the remedy. 61 Fed.Cl. 243.

On September 3, 2004, Actus filed an appeal of the Court's judgment. The parties entered into a settlement agreement on September 23, 2004, permitting them to resolve their pending appeal if this Court were to modify its Opinion and Order to vacate the declaratory and injunctive relief afforded to Hunt. On September 24, 2004, the parties filed a joint motion under Rule 60(b) requesting such relief, on the ground that injunctive relief is no longer appropriate in light of unanticipated changed circumstances which form the basis of their settlement agreement. This Court awaited remand from the Federal Circuit to act on the parties' Rule 60(b) motion; the matter was remanded on November 19, 2004.[1]

In their Rule 60(b) motion, the parties do not seek to vacate the Court's July 8, 2004 opinion. The declaratory and injunctive relief fashioned in the Court's opinion was fully warranted by the facts of record underlying that opinion. The instant Order modifying that relief prospectively is based upon the parties' representation that those facts and circumstances have changed and new facts, in particular Hunt's decision to

forego further participation in this procurement, render a continuation of the remedy unwarranted and inequitable. This relief will not prejudice third parties since no other offerors competed in this procurement and the parties have demonstrated that the public interest will be served by effectuating their settlement.

In sum, in light of the strong policy favoring settlement, and the fact that none of the parties continue to request injunctive relief, the Court hereby grants the parties' joint motion for relief from order upon remand from the Federal Circuit. The Court's July 8, 2004 Opinion and July 9, 2004 Order which contain the identical provisions governing relief are amended as follows:

1. Whereas the Court's Opinion and Order:

   a. Declared that the Air Force's selection of Actus under Solicitation No. KNMD2002–00–01 ("Solicitation") is null and void, and that the August 23, 2003 selection of Actus is set aside;

   b. Permanently restrained and enjoined the Air Force from proceeding to close the transaction under the Solicitation unless and until such time as the Air Force complies with the Solicitation as originally issued or as may be amended to reflect its actual needs, and fairly evaluates any and all offers received pursuant to the Solicitation;

   c. Permanently restrained and enjoined Actus from proceeding to close said transaction, and from executing, receiving, and performing on any contract or transaction under the Solicitation, pending the Air Force's actions and reevaluation of offers described above;

   d. Ordered the Air Force to reinstate Hunt in the competitive range under the Solicitation and either confirm or

---

1. Recognizing that a remand from the appellate court would be required if this Court intended to grant the Rule 60(b) motion, the parties represented that if the Court were inclined to grant the instant Rule 60(b) motion, they would file an appropriate motion in the Federal Circuit requesting a remand to this Court. After notification from this Court, Actus filed such a motion, and on November 19, 2004, the Federal Circuit granted Actus' motion to remand, and issued its order as a mandate.

amend the Solicitation to clarify the terms of the form legal documents, and to have all offerors re-submit final revised proposals for re-evaluation consistent with the Solicitation as reissued or amended and the Court's findings; and

e. Directed the Air Force to conduct a debriefing of Actus, equal to that conducted for Hunt, so Hunt does not enjoy an undue advantage in any recompetition.

2. The Court's Opinion and Order are hereby modified as follows:

The Court's July 8, 2004 Opinion and July 9, 2004 Order are hereby modified in order to permit the Air Force and Actus to proceed to close the transaction under the Solicitation, as contemplated in the parties' September 23, 2004 Settlement Agreement.